UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>KYLE, et. al.,<br><br>        Defendants.<br>_____/ | CV F   04 6539 AWI SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |

    Alfred Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and the American's with Disabilities Act.  Plaintiff filed the instant action on November 12, 2004, naming Dr. David Kyle, Dr. J. Klarich, E. Benitez, L.V.N, Appeals Coordinator D. Duvall, Medical Appeal Assistant G. Miller, Administrative Assistant R. Frost, Nurse T. Domingo, Nurse R. Ruff and Correctional Officer R. Mobert as Defendants.

**A. SCREENING STANDARD**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that he is raising two separate claims for relief, one under the Eighth Amendment and one under the American's with Disabilities Act.  Plaintiff alleges that on November 11, 2002, he fell off an ADA seat in the ADA cell because there was no locking devise on the seat.  Plaintif was immediately taken to the C-Facility MTA station as an emergency.  Nurse Domingo prepared an emergency medical report and had Plaintiff taken to the Central Treatment Center to have stitches put over Plaintiff's eye.  Plaintiff received three stitches and was returned to his cell.

On November 12, 2002, the wound began to bleed profusely and Plaintiff was again taken to the C-Facility clinic where he saw Defendant Dr. Kyle.  Plaintiff states that he explained to Dr. Kyle that he had fractured both his eye and his nose and was having trouble seeing and thus, needed emergency medical treatment.  Plaintiff states that Defendant Kyle refused to send him out for emergency treatment informing him that there was nothing wrong with his nose and eye.

Plaintiff's stitches were removed by Defendant Domingo on November 18, 2002.

Plaintiff states from that time on, he submitted health care services requests for emergency followup but was not medically seen by anyone. In addition, Plaintiff states that Defendants Domingo and Ruff refused to process his health care service request. Plaintiff states that Warden Adams was contacted on December 6, but he received no treatment. Defendant Duvall was also contacted but he received no treatment. December 10, the Attorney General's office was contacted but the response was incomplete. On December 13, 2002, Plaintiff met with Defendant Kyle in response to his 602 inmate appeal but Defendant refused to do anything about Plaintiff's injury and reluctantly ordered x-rays and an eye appointment. Plaintiff states he was not given anything for pain. Plaintiff states further that J. Klarich was contacted but no treatment was given, and that G. Miller took no action on the appeals even though they were serious. On February 7, 2002, Defendant Benitez and Defendant Dr. Kyle informed Plaintiff that he did not need to see a doctor. At some point later in time, Plaintiff learned that his nose was broken and that he also had a detached retina.

Plaintiff also alleges that he has not been able to have his wheelchair repaired and has been repeatedly given a loner chair that was in "dangerous condition." Plaintiff states that he filed so many grievances concerning his wheelchair that he was told he was going to get into trouble. Each time, it was fixed, he would receive the wheelchair back in worse condition. Plaintiff states that on December 8, 2003, Defendant Mobert came to his cell and told him he was tired of hearing about his wheelchair and that he was going to take it and given him a loner. When Plaintiff complained that the loner was broken because it had no foot rest or handrails, Defendant Mobert told him he would be returning his wheelchair back to him within the day.

**C. CLAIMS FOR RELIEF**

   *1. Eighth Amendment Medical Claim*

"The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) (*citing* Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level

of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In addition, "mere delay of [medical treatment], without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and ... that they chose this course in conscious disregard of an excessive risk to [P]laintiff's health." Id.

Finally, a "difference of medical opinion ... [is] insufficient, as a matter of law, to

establish deliberate indifference." <u>Jackson v. McIntosh,</u> 90 F.3d 330, 332 (9th Cir.1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

In this case, Plaintiff's allegations do not state a cognizable claim for relief under the eighth amendment. Although Plaintiff indicates that he had indeed suffered a broken nose and detached retina from the fall, he also indicates that Dr. Kyle did not believe his nose was broken and that there was nothing wrong with his eye. Similarly, Defendant Benitez informed him along with Defendant Kyle that Plaintiff did not need to see a doctor because there was nothing wrong with him. Plaintiff states further that when Defendant Kyle saw Plaintiff in response to the inmate appeal, he told him that he believed there was nothing wrong with him that the x-rays and eye appointment would be just a waste of time. Although it was later learned that Plaintiff had suffered a broken nose and a detached retina, the facts stated at most give rise to a medical misdiagnosis or negligence. However, mere indifference, negligence or medical malpractice will not support a Section 1983 claim. <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), *citing* <u>Estelle</u>, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Estelle v. Gamble</u>, 429 U.S. at 106; <u>see</u> <u>also</u> <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Accordingly, Plaintiff does not state a cognizable claim for relief against Defendant's Benitez and Kyle under the Eighth Amendment.

Plaintiff also provides insufficient facts to state a cognizable Eighth Amendment claim against Defendants Klarich, Duvall, Miller, Frost, Domingo, and Ruff as he alleges only that these individuals were "contacted" yet he received no care. (Complaint at 3.) Plaintif will be provided with the opportunity to amend his Complaint to provide further facts should he wish to do so.

//

### 2. American's With Disabilities Claim[1]

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

In this case, Plaintiff alleges that his wheelchair was broken, would not be repaired correctly and was given faulty and dangerous "loner" wheelchairs. The sole Defendant named in relation to this claim is Defendant Mobert. However, Plaintiff's allegations that his wheelchair was not repaired properly and that he was given faulty loners do not give rise to a claim under the ADA.

---

[1] Plaintiff cites to 42 U.S.C. § 12102 for his cause of action, however, that section merely provides a list of definitions for terms used throughout the ADA and does not provide for an independent cause of action.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 or the ADA against any of the Defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

//
//
//
//
//
//
//
//

**E. ORDER**

    The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 11, 2006**           /s/ Sandra M. Snyder
b6edp0                                 UNITED STATES MAGISTRATE JUDGE