# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | 1:04-cv-06539-AWI-SMS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION ALLOWING ACTION TO PROCEED ON MEDICAL CLAIMS and DISMISSING CLAIMS UNDER THE ADA, THE RA, AND FOR CONDITIONS OF CONFINEMENT UNDER THE EIGHT AMENDMENT |
| v. | |
| KYLE, et. al., | |
| Defendants. | (Doc. 8) |

**I.   FINDINGS**

   **A.   Procedural History**

Alfred Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and the American's with Disabilities Act.  Plaintiff filed his original complaint on November 12, 2004, which the Court screened and dismissed with leave to amend.  After receiving a number of extensions, Plaintiff filed his first amended complaint on April 12, 2006.

   **B.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C.     Plaintiff's Amended Complaint

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California where the instances he complains of occurred. Plaintiff names the following defendants: Dr. David Kyle; Dr. J. Klarich, CMO; E. Benitez, LVN; Appeals Coordinator D. Duvall; T. Domingo, RN; R. Ruff, RN; and C/O R. Mobert.

Plaintiff alleges that on November 11, 2002, he fell off an ADA seat in the ADA cell because there was no locking devise on the seat. Plaintiff was immediately and emergently taken to the C-Facility MTA station. Defendant Domingo RN prepared an emergency medical report and had Plaintiff taken to the Central Treatment Center where Dr. Deering (not a named defendant) placed three stitches over Plaintiff's eye. Plaintiff was returned to his cell.

The next day, the wound began to bleed profusely, and Plaintiff was again taken to the C-Facility clinic where he saw Defendants Domingo RN and Dr. Kyle. Plaintiff states that he requested emergency medical treatment after advising Dr. Kyle of his medical concerns and

complaints: severe pain in the eyes, nose and face, possibly fractured nose, difficulty seeing, left side facial numbness. Dr. Kyle declined Plaintiff's request for emergency medical treatment, indicating that it would cost too much. That evening, Plaintiff gave Defendant Domingo RN a request for emergency medical care due to continuing pain.

On November 14, 2002, Plaintiff gave Defendant Ruff RN a request for emergency medical follow-up. On November 18, 2002, Defendant Domingo RN removed Plaintiff's stitches. Thereafter, Plaintiff remained in pain and submitted health care services requests for emergency followup which Defendants Domingo and Ruff refused to process.

Plaintiff alleges that, on February 7, 2003, Defendant Dr. Kyle and Defendant Benitez, LVN did not order Plaintiff any medical attention until Plaintiff filed a notice of appeal. Thereafter, Defendant Dr. Kyle prescribed pain medication, ordered x-rays, and authorized an appointment for Plaintiff to see an outside eye doctor, telling Plaintiff that the request was submitted on an urgent basis, when in fact it was not.

The outside eye doctor found an abnormality in the soft tissue of Plaintiff's left eye and stated that it should have been treated at the time of injury. However, because of the time lapse, they would just monitor the eye, prescribe eye drops and glasses, and see him in six months for follow-up.

On December 18, 2002, Defendant Duvall surveyed Plaintiff's cell, indicated that his chair should have a locking device, she did not know why it was absent, and that she would return but never did so.

Plaintiff wrote to Defendant Dr. Klarich CMO several times requesting interviews regarding his medical condition and the locking device on his chair to no avail.

Plaintiff further alleges that prior to being seen by Dr. Kyle, Dr. Dunn was the treating physician and had ordered that Plaintiff be seen by an outside dermatologist for a persisting rash and skin tags; that Plaintiff was seen by outside dermatologist, who scheduled him for a follow-up appointment to remove the skin tags; that Dr. Kyle cancelled and/or refused to request Plaintiff's follow-up with both the outside eye doctor and dermatologist due to the associated costs.

3

Dr. Kyle eventually became acting CMO and Dr. Nguyen (not a defendant) took over Plaintiff's treatment. Dr. Nguyen examined Plaintiff and submitted requests for Plaintiff to be sent to both the outside dermatologist and eye doctor, but Dr. Kyle denied both requests. Plaintiff was in pain for two years because of Dr. Kyle's denial of treatment and was not able to have the skin tags removed until August 18, 2004.

Plaintiff also alleges that he is a 400 pound prisoner with a permanent medical condition that confines him to a wheelchair; his daily activities are impacted when he is not provided a wheel chair that is in good working condition; over a period of time, he had a variety of problems with his own wheelchair that required repair; on December 8, 2003, Defendant C/O R. Mobert, (as authorized by Does 1-5 who were administrative prison staff) removed Plaintiff's wheelchair for repairs and forced Plaintiff to use a dangerous "loner wheelchair" for four (4) days.

### D.  Plaintiff's Claims for Relief

#### 1. Eighth Amendment Medical Claim

"The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) (*citing* Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a

prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In addition, "mere delay of [medical treatment], without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and ... that they chose this course in conscious disregard of an excessive risk to [P]laintiff's health." Id. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).

Finally, a "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, negligence or medical malpractice will not support a Section 1983 claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of

5

medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges various actions by defendants Dr. Klarich, Dr. Kyle, Domingo, RN, Ruff, RN, and Benitez, LVN that delayed his receipt of medical treatment and caused him continuing pain and further injury.

Plaintiff wrote to Defendant Dr. Klarich CMO several times requesting interviews regarding his medical condition.  Plaintiff is entitled to an inference at the summary judgment stage (and therefore also at the pleading stage) that prison administrators are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests (i.e. letters) for help.  See Jett v. Penner 439 F.3d 1091, 1098 (9th Cir. 2006) citing Estelle v. Gamble, 429 U.S. 97, 104 (1976); Greeno v. Daley, 414 F.3d 645, 652-53 (7th Cir.2005); and Moore v. Jackson, 123 F.3d 1082, 1087 (8th Cir. 1997).  Thus, Plaintiff states a cognizable claim against Dr. Klarich.

Plaintiff alleges that Dr. Kyle declined to order the treatment Plaintiff needed for his injuries from the fall since they were deemed to be too costly.  Budgetary constraints do not justify withholding medical care.  Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).

Plaintiff claims that Domingo, RN and Ruff, RN failed to process his health care service requests which delayed his receipt of medical care so as to cause continuing pain and injury.

However, Plaintiff fails to state a cognizable claim against Benitez, LVN, who saw Plaintiff with Dr. Kyle on one occasion.  Plaintiff claims that Benitez, LVN (and Dr. Kyle) failed to order any medical treatment until Plaintiff filed an appeal.  Yet, Plaintiff fails to indicate what, if any, injury or pain he sustained from any delay in his treatment that Benitez, LVN caused.  Since Plaintiff alleges Benitez, LVN saw Plaintiff in the same visit as Dr. Kyle, the Court fails to see how Benitez, as an LVN, would have authority to order medical care over Dr. Kyle's declination to do so.  Further, Plaintiff lists Appeals Coordinator Duvall as one of the defendants

1  he is charging with deliberate indifference to his serious medical needs, but fails to state a
2  cognizable claim against Duvall as he states no facts that implicate Duvall as ever being in any
3  way involved in his medical care, or the delay thereof.
4       Thus, Plaintiff states cognizable claims for deliberate indifference to his serious medical
5  condition(s) against Dr. Klarich, Dr. Kyle, Domingo, RN, and Ruff, RN – but not against
6  Benitez, LVN and Duvall.

### 2. American's With Disabilities and Rehabilitation Act Claim(s)

8       Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act
9  (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d
10 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a
11 disability shall, by reason of such disability, be excluded from participation in or be denied the
12 benefits of the services, programs, or activities of a public entity, or be subject to discrimination
13 by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified
14 individual with a disability . . . shall, solely by reason of her or his disability, be excluded from
15 the participation in, be denied the benefits of, or be subjected to discrimination under any
16 program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the
17 ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v.
18 Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th
19 Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).
20      "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a
21 qualified individual with a disability; (2) [he] was excluded from participation in or otherwise
22 discriminated against with regard to a public entity's services, programs, or activities; and (3)
23 such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.
24 "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped
25 within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought;
26 (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program
27 providing the benefit or services receives federal financial assistance." Id.
28      Plaintiff alleges that his rights under the ADA and RA were violated when his "ADA

1  chair" did not have a locking mechanism, which caused/allowed him to fall and sustain injuries
2  which precipitated his medical claims in this action.  Plaintiff's claims in this regard appear to be
3  levied against Appeals Coordinator Duvall as Plaintiff alleges that, on December 18, 2002,
4  Defendant Duvall surveyed Plaintiff's cell, indicated that his chair should have a locking device,
5  she did not know why it was absent, and that she would return but failed to do so.  As to this
6  claim, Plaintiff fails to show that he was denied a locking device on his "ADA chair" solely by
7  reason of his disability rather than as a result of mere neglect.

8  Again, Plaintiff alleges that he is a 400 pound prisoner with a permanent medical
9  condition that confines him to a wheelchair; his daily activities are impacted when he is not
10  provided a wheel chair that is in good working condition; over a period of time, he had a variety
11  of problems with his own wheelchair that required repair; on December 8, 2003, Defendant C/O
12  R. Mobert, (as authorized by Does 1-5 who were administrative prison staff) removed Plaintiff's
13  wheelchair for repairs and forced Plaintiff to use a dangerous "loner" wheelchair for four (4)
14  days.  Plaintiff does not allege that these actions were taken solely as a result of his disability.
15  Further, as stated in the original screening order, Plaintiff's allegations that he was given a faulty
16  loner wheelchair while his was being repaired does not give rise to a claim under the ADA or the
17  RA.  Thus, Plaintiff fails, and is unable, to state a cognizable claim against any defendant for
18  violating his rights under the ADA or the RA.

19  Further, Plaintiff is unable to state a cognizable claim regarding the removal of his
20  wheelchair for repairs and forced use of a dangerous "loner" wheelchair under an Eighth
21  Amendment conditions of confinement as temporarily unconstitutional conditions of
22  confinement do not rise to the level of constitutional violations.  See Anderson v. County of Kern
23  45 F.3d 1310 (9th Cir. 1995) and Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

### 3. Federal Rule of Civil Procedure 18(a)

25  "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to
26  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
27  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
28  against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

1  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated
2  claims against different defendants belong in different suits, not only to prevent the sort of
3  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
4  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
5  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28
6  U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
7       Plaintiff alleges that he is a 400 pound prisoner with a permanent medical condition that
8  confines him to a wheelchair; his daily activities are impacted when he is not provided a wheel
9  chair that is in good working condition; over a period of time, he had a variety of problems with
10 his wheelchair that required repair; on December 8, 2003, Defendant C/O R. Mobert, (as
11 authorized by Does 1-5 who were administrative prison staff) removed Plaintiff's wheelchair for
12 repairs and forced Plaintiff to use a dangerous "loner" for four (4) days.
13       These allegations violate Fed.R.Civ.P. 18(a) as the claim (forced use of a dangerous
14 "loner" wheelchair) and the defendants (C/O R. Mobert and Does 1-5) are wholly unrelated to
15 any claims Plaintiff is making against the other named defendants.  However, as stated above,
16 even if these allegations did not violate Fed.R.Civ.P. 18(a), Plaintiff fails, substantively, to state a
17 cognizable claim.  Thus, Plaintiff's allegations regarding his forced use of a dangerous "loner"
18 wheelchair for four (4) days are properly subject to dismissal.

19 **II.    RECOMMENDATION**
20       Accordingly, IT IS HEREBY RECOMMENDED that:
21       1.    This action proceed on Plaintiff's amended complaint which was filed on
22             October 23, 2006 against Dr. Klarich, Dr. Kyle, Domingo, RN, and Ruff,
23             RN for deliberate indifference to Plaintiff's serious medical needs.
24       2.    Plaintiff's following claims against the following defendants be dismissed
25             with prejudice for failure/inability to state a claim:
26             a. E. Benitez, LVN and D. Duvall for deliberate indifference to
27                Plaintiff's serious medical needs; and
28             b. D. Duvall, C/O Mobert, and Does 1-5 for failure/inability to

1 state a claim.

2 These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 3, 2008**                          /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE