# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | 1:04-cv-06539-AWI-SMS-PC |
| Plaintiff, | ORDER DENYING MOTION TO AMEND COMPLAINT, WITHOUT PREJUDICE |
| v. | (Doc. 34.) |
| KYLE, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Plaintiff, Alfred Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 15, 2004. (Doc. 1.) This case now proceeds on the First Amended Complaint filed by Plaintiff on October 23, 2006. (Doc. 17.) On August 21, 2009, Plaintiff filed a motion to amend the complaint. (Doc. 34.)

**II.   MOTION TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, plaintiff has previously amended the complaint. Therefore, plaintiff may not amend the complaint at this time without leave of court.

1    "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
2    requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir.
3    2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
4    amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
5    delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is
6    insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan,
7    Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th
8    Cir. 1999)).

9    Plaintiff brings a motion to amend the complaint for one purpose only, to request a trial
10   by judge instead of a trial by jury.  Plaintiff is advised that a demand for jury trial may not be
11   withdrawn without the parties' consent.  Fed. R. Civ. P. 38(d).  Such consent must be by written
12   stipulation filed with the court or by an oral stipulation made in open court and entered in the
13   record.  Fed. R. Civ. P . 39(a)(1); Solis v. County of Los Angeles, 514 F.3d 946, 955 (9th Cir.
14   2008).  On October 23, 2009, defendant Domingo filed an answer to the First Amended
15   Complaint and a demand for jury trial.  (Doc. 37.)  Service of the summons and complaint is
16   presently underway for three other defendants in this action.  The parties have not filed a written
17   stipulation, or made an oral stipulation in open court, to proceed with a non-jury trial.  Because
18   one of the defendants has appeared in this action and demanded a jury trial, it would be futile for
19   plaintiff to amend the complaint for the sole purpose of requesting a non-jury trial.  Therefore,
20   plaintiff's motion to amend the complaint shall be denied without prejudice.

21   **III.   CONCLUSION**

22   Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to amend the
23   complaint is DENIED without prejudice.

25   IT IS SO ORDERED.

26   **Dated:   November 13, 2009**           /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

2