1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ALFRED BROWN,                              CASE NO. 1:04-cv-06539-AWI-SMS PC

10              Plaintiff,                     ORDER DENYING MOTION
                                              FOR RECONSIDERATION
11      v.
                                              (Doc. 42)
12   DAVID KYLE, et al.,

13              Defendants.
     _____/

14

15      Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  On August 21, 2009, Plaintiff filed a motion seeking

17   leave to file a second amended complaint to request a court trial rather than a jury trial.  The Court

18   denied Plaintiff's motion on November 16, 2009, and December 9, 2009, Plaintiff filed a motion

19   seeking reconsideration.  Defendants Kyle and Domingo did not file a response.

20      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

21   for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

22   prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

23   Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

24   omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

25   . . . ." Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in

26   relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

27   which did not exist or were not shown upon such prior motion, or what other grounds exist for the

28   motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1      Plaintiff sought leave to amend to request a court trial rather than a jury trial, and his motion

2  was denied, without prejudice, as futile in light of the fact that once a jury trial is demanded, trial

3  must be by jury unless the parties stipulate to a nonjury trial.  In his motion for reconsideration,

4  Plaintiff argues that at the time he filed his motion, neither defendant had made an appearance and

5  he was therefore entitled to amend once as a matter of right.

6      Although Defendant Domingo filed an answer prior to the issuance of the Court's order,

7  Plaintiff is correct that at the time he filed his motion, no defendant had appeared.  However, the

8  Court properly denied Plaintiff's motion on the ground of futility.  See Montz v. Pilgrim Films &

9  Television, Inc., No. 08-56954, 2010 WL 2197421, at *5 (9th Cir. Jun. 3, 2010) (citing Albrecht v.

10  Lund, 845 F.2d 193, 195 (9th Cir. 1988)) (a district court may cut off a party's right to amend as a

11  matter of course if amendment would be futile).

12      Plaintiff's amended complaint does not contain a demand for trial by jury.  (Doc. 17.)  The

13  right to a trial by jury must be preserved by making a demand, and unless a demand is properly filed

14  and served, the right to a trial by jury is waived.  Fed. R. Civ. P. 38(b),(d).  Because Plaintiff waived

15  his right to a jury trial, Plaintiff's desire to specify he wants a court trial serves no purpose.  Further,

16  and dispositive of the matter, once a jury trial has been properly demanded by any party, all parties

17  must consent to its withdrawal and stipulate to a court trial.  Fed. R. Civ. P. 38(d), 39(a)(1).

18  Defendants Kyle and Domingo filed a timely demand for trial by jury, and as a result, this case must

19  be tried by a jury unless all parties stipulate to a court trial.  (Docs. 37, 46.)  Allowing Plaintiff to file

20  a second amended complaint stating that he wants a court trial would be futile.

21      Accordingly, Plaintiff's motion for reconsideration, filed December 9, 2009, is HEREBY

22  DENIED.

23

24  IT IS SO ORDERED.

25  **Dated:   June 10, 2010**               **/s/ Sandra M. Snyder**

26                                  UNITED STATES MAGISTRATE JUDGE

27

28