# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>               Plaintiff,<br><br>   v.<br><br>DAVID KYLE, et al.,<br><br>              Defendants. | CASE NO. 1:04-cv-06539-AWI-SMS PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANTS KLARICH AND RUFF SHOULD NOT BE DISMISSED<br><br>(Doc. 50)<br><br>ORDER REQUIRING PLAINTIFF TO MAKE PROPER SUBSTITUTION FOR DEFENDANT KLARICH AND PROVIDE ADDRESS FOR SERVICE BY SEPTEMBER 12, 2010 |

Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed October 23, 2006, against Defendants Kyle, Domingo, Klarich, and Ruff. The United States Marshal was directed to initiate service of the amended complaint on May 27, 2009. Defendants Kyle and Domingo waived service and answered the amended complaint, but Defendants Klarich and Ruff were not served. On February 19, 2010, the Court ordered Plaintiff to show cause why Defendants Klarich and Ruff should not be dismissed from this action. Fed. R. Civ. P. 4(m). Plaintiff filed a response on April 23, 2010.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Service was not executed on Defendant Klarich because he is deceased. (Doc. 41.) Plaintiff contends that the Marshal, upon order of the court, can serve the executor of Defendant Klarich's estate. While Plaintiff may seek to substitute the proper party for Defendant Klarich, it is Plaintiff's responsibility to identify the party, make the substitution, and provide sufficient information for the Marshal to locate the party for service. Neither the Court nor the Marshal may conduct an investigation on Plaintiff's behalf to determine this information. The Court will discharge the order to show cause to allow Plaintiff the opportunity to substitute the proper party in light of Defendant Klarich's death and provide that party's address for service. If Plaintiff fails to make the proper substitution and provide a current address for service on or before September 12, 2010, Defendant Klarich will be dismissed from this action.

Service was not executed on Defendant Ruff because she is not currently employed at the California Substance Abuse Treatment Facility (CSTAF). (Doc. 41.) The Court and the Marshal have a statutory duty to service process on Plaintiff's behalf, and the response given to the Marshal by the Litigation Office at CSATF is insufficient to allow the Court to discharge this duty on the ground that Defendant Ruff cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). The

Marshal shall be directed to re-attempt service on Defendant Ruff by contacting the Legal Affairs Division and requesting the assistance of a special investigator.

As set forth herein, the order to show cause, filed February 19, 2010, is HEREBY DISCHARGED. If Plaintiff fails to make the proper substitution and provide a current address for service on or before September 12, 2010, Defendant Klarich SHALL BE dismissed from this action.

IT IS SO ORDERED.

**Dated:  June 10, 2010**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE