# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>               Plaintiff,<br><br>   v.<br><br>DAVID KYLE, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:04-cv-06539-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT RUFF PURSUANT TO RULE 4(M)<br><br>(Docs. 71 and 81)<br><br>THIRTY-DAY OBJECTION DEADLINE |

     Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed October 23, 2006, against Defendants Kyle, Domingo, Klarich, and Ruff. The United States Marshal was ordered to initiate service of process on May 27, 2009. Defendants Kyle and Domingo waived service and made appearances in the action, and Defendant Klarich, who is deceased, was dismissed on November 23, 2010, pursuant to Federal Rule of Civil Procedure 4(m). Defendant Ruff, however, has not been located for service, despite numerous attempts by the Marshal.

     Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

1    In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
2  Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).
3  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
4  Marshal for service of the summons and complaint and . . . should not be penalized by having his
5  action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to
6  perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.
7  Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515
8  U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the
9  defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d
10 at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro
11 se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of
12 the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is
13 appropriate. Walker, 14 F.3d at 1421-22.

14   Defendant Ruff is no longer employed at the California Substance Abuse Treatment Facility.
15 (Doc. 41.) Pursuant to court order, the Marshal obtained the last known address for Defendant Ruff
16 from the Legal Affairs Division of the California Department of Corrections and Rehabilitation.
17 (Doc. 56.) After attempts to secure a waiver of service of the summons and complaint were
18 unsuccessful, the Marshal attempted personal service at Defendant Ruff's last known residential
19 address.[1] (Docs. 60, 62, 68.) The Marshal observed that the residence appeared to be unoccupied
20 and neighbors reported that they had not seen Defendant Ruff in a long time.[2] (Doc. 68.)

21   Based on this information, the Court found that the avenues available in attempting to locate
22 and serve Defendant Ruff had been exhausted, Walker, 14 F.3d at 1421-22, and it ordered Plaintiff
23 to show cause why Defendant Ruff should not be dismissed. (Doc. 71.) Plaintiff filed a response

---

[1] The Marshal was provided with a street address and a post office box number. Defendant Ruff did not respond to the waiver sent to the post office box and mail sent to the residential address was returned with the notation "unable to forward."

[2] The USM-285 form is sealed because of the confidential nature of the information documented by the Marshal. However, the result of the Marshal's attempt to personally serve Defendant Ruff has been recounted in this order.

on May 31, 2011, and while he argues that the Marshal should continue to attempt service of process until it is completed, the fact remains that the Marshal attempted personal service at Defendant Ruff's last known address and found that Defendant Ruff no longer resides there. (Doc. 81.) Continued attempts to serve Defendant Ruff at her last known address would be futile. Accordingly, the Court HEREBY RECOMMENDS that Defendant Ruff be dismissed from this action pursuant to Rule 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 7, 2011**                         /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE