# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID KYLE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-06539-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, REFERRING MATTER BACK TO MAGISTRATE JUDGE TO SET FOR TRIAL, AND REQUIRING PARTIES TO MEET AND CONFER REGARDING SETTLEMENT<br><br>(Docs. 67 and 88)<br><br>SIXTY-DAY DEADLINE FOR DEFENDANTS TO FILE STATUS REPORT |

    Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    This action is proceeding on Plaintiff's amended complaint, filed on October 23, 2006, against Defendants Kyle, Domingo, and Ruff for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's first claim arose from the alleged failure to provide adequate medical care for the injuries Plaintiff sustained in a fall on November 11, 2002, and Plaintiff's second claim arose from the alleged failure to remove or otherwise treat Plaintiff's painful skin tags in a timely manner.

    On August 3, 2011, the Magistrate Judge filed a Findings and Recommendations recommending that Defendants' Motion for Summary Judgment be denied. Defendants filed an

1  Objection on September 12, 2011. Plaintiff does not object, although he filed an Objection "merely
2  as a formality." (Doc. 94.)
3       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a <u>de</u>
4  <u>novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and
5  Recommendations to be supported by the record and by proper analysis.
6       "The moving party has the burden of showing the absence of a genuine issue as to any
7  material fact, and for these purposes the material lodged must be viewed in the light most favorable
8  to the opposing party." <u>Avalos v. Baca</u>, 596 F.3d 583, 587 (9th Cir. 2010) (citation and internal
9  quotation marks omitted). The Magistrate Judge made a thorough record regarding the evidence and
10 the findings, and Defendants' Objection cites to evidence and argument already considered by the
11 Court.
12      Plaintiff fell and sustained a laceration on November 11, 2002. The laceration was sutured
13 and Plaintiff was subsequently diagnosed with a nasal fracture on February 3, 2003. Plaintiff alleges
14 that he suffered severe, untreated pain following the injury. Defendants argue that the Magistrate
15 Judge erred in finding that Defendant Kyle ignored Plaintiff's complaints of pain because the record
16 establishes that Defendant Kyle noted Plaintiff was already on pain medication and he later
17 prescribed Tylenol for Plaintiff.
18      The record does not establish that Defendant Kyle assessed Plaintiff's complaint of pain and
19 determined that in light of his existing prescriptions, different, additional medication or a dosage
20 increase of existing medication was unwarranted. In his declaration, Defendant Kyle attested,
21 "Brown already was receiving Methocarbamol, a muscle relaxant that is used to decrease muscle
22 pain and spasms, and Naproxen, nonsteroidal anti-inflammatory drug, as needed, up to three times
23 a day, which he was prescribed by Dr. Dunn on October 16, 2002. This prescription did not expire
24 until December 15, 2002." (Doc. 67-3, Kyle Dec., ¶4.) This statement is a recitation of the
25 medications Plaintiff had been previously prescribed. It is not a medical opinion that in light of
26 Plaintiff's existing prescriptions, no additional prescriptions or dosage increases were necessary, and
27 Defendants presented no medical records from Plaintiff's initial appointments following his injury
28 which set forth such information or opinion.

The Magistrate Judge considered the evidence submitted by Defendants and correctly noted the lack of a *link* between (1) Plaintiff's new injury and complaints of severe pain and (2) the treatment of those issues via already existing prescription medications. The record is devoid of *any* expert opinion or documentation that because of Plaintiff's pre-existing prescriptions, no dosage increase and/or no additional medication was indicated.[1] In the face of Plaintiff's allegation that his new injury caused severe pain, Defendants may not rely on the mere existence of previously-prescribed medications to demonstrate that there exists no triable issue of fact regarding the course of treatment for Plaintiff's new, intervening injury. Defendants are obligated to support their arguments with specific evidence and they cannot expect the prevail when they leave evidentiary gaps which would require pure conjecture to close.

With regard to the Tylenol, it was prescribed by Defendant Kyle on December 13, 2002, one month after Plaintiff's injury and it is unclear how long the prescription lasted. Defendants submitted evidence that pain management is the treatment indicated for a nasal fracture and yet other than a Tylenol prescription issued a month after the fracture was sustained and which lasted for an unknown period of time, they failed to show how Plaintiff's complaints of severe pain were evaluated and treated. While Defendants were initially unaware that Plaintiff sustained a fracture, he presented with a laceration, his eyes were swollen shut, and he complained of severe pain. Defendants must present evidence which demonstrates that they addressed the complaint of severe pain and that the course of treatment, or the lack treatment, was appropriate under the circumstances. They failed to do so.

Defendants also take issue with the Magistrate Judge's "speculation" that Plaintiff may not have had a sufficient Naproxen prescription to cover the period of injury. The Magistrate Judge relied upon the evidence submitted by Defendants in questioning whether the existing prescription even covered the necessary period. There is nothing speculative about recognizing that in light of the prescribed dosage and quantity of medication, the prescription at issue may or may not have lasted for the period Defendants assert Plaintiff was adequately medicated. Certainly Defendants

---

[1] Also left unexplained is how a muscle relaxant would be an appropriate medication given the circumstances of Plaintiff's blunt-force facial injury.

3

1  submitted no evidence addressing this ambiguity. Plaintiff may have had enough medication to last
2  until mid-December 2002 or he may have run out as early as twenty days after the issuance of the
3  October 13, 2002, prescription. The prescription evidence submitted by Defendants leaves the Court
4  unable to conclude that Plaintiff was in fact on Naproxen during the entire two-month period, as
5  Defendants argue.

6  Finally, Plaintiff complained of painful, bleeding skin tags. As documented in the record,
7  Defendants submitted evidence that skin tags are not dangerous and *usually* do not cause any pain.
8  A medical condition does not have to be dangerous to be considered serious, however, Lopez v.
9  Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th
10 Cir. 1994), and while skin tags may *usually* be painless, Plaintiff alleges that *his* were not and they
11 were left untreated for a lengthy period of time, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
12 The record is devoid of any evidence regarding Defendant Kyle's evaluation of Plaintiff's complaints
13 regarding painful, bleeding skin tags. As a result, Defendants did not meet their burden of
14 demonstrating the absence of a triable issue of fact on Plaintiff's claim that his serious medical needs
15 were left untreated by Defendant Kyle.

16 The Magistrate Judge, in clear language, documented why Defendants' evidence fell short
17 and what was missing. These deficiencies are not addressed or explained in the Objection, and
18 Defendants cite to no evidence that was missed by the Magistrate Judge and which would alter the
19 outcome. Rather, Defendants merely believe that their evidence entitles them to summary judgment.
20 The Court disagrees, and the Findings and Recommendations ably articulate why Defendants failed
21 to meet their burden in demonstrating the absence of triable issues of fact.

22 Accordingly, IT IS HEREBY ORDERED that:
23 1.  The Findings and Recommendations, filed August 3, 2011, is adopted in full;
24 2.  Defendants' Motion for Summary Judgment, filed on March 8, 2011, is DENIED;
25 3.  This matter is referred back to the Magistrate Judge to set for trial; and
26 ///
27 ///
28 ///

4. The parties shall meet and confer, either in writing or by telephone, and discuss whether a settlement conference may be beneficial; and Defendants' counsel shall file a status report within sixty days informing the Court whether or not a settlement conference would be helpful in resolving this action.

IT IS SO ORDERED.

Dated:     December 23, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE