# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | CASE NO. 1:04-cv-06539-AWI-SKO PC |
| Plaintiff, | ORDER (1) GRANTING REQUEST TO SEAL RESPONSE TO ORDER TO SHOW CAUSE, (2) DISCHARGING ORDER TO SHOW CAUSE AND DECLINING TO IMPOSE SANCTIONS, AND (3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| DAVID KYLE, et al., | |
| Defendants. | (Docs. 102, 103, 104, and 105) |

### I. Procedural History

Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed on October 23, 2006, against Defendants Kyle and Ruff for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Jury trial is currently scheduled for October 2, 2012.

On December 23, 2011, the Court issued an order requiring (1) the parties to meet and confer regarding the possibility of settlement and (2) Defendants to file a status report within sixty days. Defendants failed to comply with the filing deadline of February 24, 2012, and on February 28, 2012, the Court ordered Defendants to show cause within ten days why sanctions should not be imposed against them for failure to obey a court order.

On March 13, 2012, Plaintiff filed a motion "joining" in the order to show cause and seeking the imposition of monetary sanctions payable to him. Defendants filed their response to the order to show cause on March 14, 2012, and Plaintiff filed a reply on March 21, 2012.

## II. Legal Standard

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009).

## III. Discussion

In response to the order to show cause, Defendants filed a request that counsel's declaration, which has been submitted to the Court's official email box for proposed orders and other matters, be kept under seal for seventy-five years or returned to counsel upon conclusion of this matter. Counsel apologized for her failure to comply with the order and in acknowledging her lack of a defense and acceptance of appropriate sanctions, she set forth information pertaining to some personal issues she has been dealing with and with which she continues to deal.

The Court finds that good cause exists to seal the response. The information provided is very specific and very personal in nature as to counsel, and it is entirely unrelated to the claims and defenses at issue in this action. There is simply no benefit to the disclosure of the information to Plaintiff given that it is unrelated to the merits of this action and, based on its nature, its disclosure could result in annoyance or embarrassment to counsel. Fed. R. Civ. P. 26(c); Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (good cause showing under Rule 26(c) suffices as to sealed records supporting non-dispositive motions); see also Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) ("If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide

1  whether a protective order is necessary."). Therefore, the request to seal shall be granted. Local
2  Rule 141.
3       In addition to responding to the order to show cause, counsel attests that she contacted the
4  California Department of Corrections and Rehabilitation (CDCR) and it is unwilling to settle this
5  matter.
6       In this instance, while counsel's conduct was negligent, a finding that she acted in bad faith
7  is unsupportable. In re Lehtinen, 564 F.3d at 1058; Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994.
8  Therefore, the order to show cause shall be discharged and sanctions shall not be imposed on
9  Defendants or their counsel. In light of CDCR's unwillingness to settle, the Court relieves the
10 parties of the requirement that they meet and confer to discuss settlement, and the second scheduling
11 order filed on January 4, 2012, shall remain operative. If CDCR changes its position on settlement,
12 counsel shall notify the Court as soon as possible so that a settlement conference may be scheduled.

13 **IV.    Plaintiff's Motion for Sanctions**

14      Finally, Plaintiff's motion for sanction is denied. At issue is Defendants' failure to obey the
15 Court's order to file a status report regarding the possibility of settlement, which is an administrative
16 matter at this juncture. This case has already been set for jury trial and Defendants' failure to comply
17 with the order to file a status report had no adverse effect on Plaintiff. There is no basis upon which
18 sanctions may properly be imposed under the Court's inherent power given the circumstances, and
19 Plaintiff lacks any entitlement to an order sanctioning Defendants $1,000.00 for every year this case
20 has been pending, payable to him. Roadway Express, Inc., 447 U.S. at 767; Miller, 661 F.3d at
21 1036; In re Lehtinen, 564 F.3d at 1058; Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994.

22 **V.     Order**

23      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
24     1.    Defendants' request to seal their response to the order to show cause, filed on March
25         14, 2012, is granted and the Clerk of the Court shall file the response under seal;
26     2.    The order to show cause, filed on February 28, 2012, is discharged and sanctions will
27         not be imposed; and
28 ///

3. Plaintiff's motion for sanctions, filed on March 13, 2012, is denied.

IT IS SO ORDERED.

**Dated:   March 23, 2012**           /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE