# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | CASE NO. 1:04-cv-06539-AWI-SKO PC |
| Plaintiff, | ORDER RESOLVING OBJECTION AND DENYING MOTION FOR RECONSIDERATION |
| v. | |
| DAVID KYLE, et al., | (Docs. 108 and 109) |
| Defendants. | |

Plaintiff Alfred Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed on October 23, 2006, against Defendants Kyle and Ruff for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Jury trial is currently scheduled for October 2, 2012.

Pending before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's order granting Defendants' request to seal counsel's response to an order to show cause, discharging the order to show cause, declining to impose sanctions, and denying Plaintiff's motion for sanctions, filed on April 9, 2012. (Docs. 106, 109.) Plaintiff's objection to Defendants' motion to seal, filed on March 27, 2012, is considered in conjunction with Plaintiff's motion for reconsideration. (Doc. 108.) Defendants did not file a response.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

1

1  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The
2  moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation
3  marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show
4  "what new or different facts or circumstances are claimed to exist which did not exist or were not
5  shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or
6  circumstances were not shown at the time of the prior motion."

7      "A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
10 present evidence for the first time when they could reasonably have been raised earlier in the
11 litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
12 2009) (internal quotations marks and citations omitted) (emphasis in original).

13     Plaintiff's mere disagreement with the Magistrate Judge's rulings is not grounds for
14 reconsideration.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).
15 Plaintiff has not demonstrated that the Magistrate Judge's rulings were clearly erroneous or contrary
16 to law.  The Magistrate Judge's findings and order that (1) good cause existed to seal counsel's
17 declaration because it set forth information which (a) was extremely personal in nature as to counsel,
18 (b) was entirely unrelated to the merits of this action, and (c) which would in no way benefit Plaintiff
19 through disclosure; (2) sanctions under the Court's inherent authority were not supportable because
20 counsel's conduct was negligent rather than in bad faith; and (3) Plaintiff was not entitled to
21 sanctions are, in their entirety, supported by the record and the applicable legal standards.  Plaintiff's
22 desire for a different outcome does not suffice to either bring the rulings into question or support a
23 motion for reconsideration.
24 ///
25 ///
26 ///
27
28

1  Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice.[1]
2  28 U.S. C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(f).

4  IT IS SO ORDERED.

Dated:   May 12, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In conjunction with the motion for reconsideration, the Court reviewed Plaintiff's objection filed on March 27, 2012, and it is therefore deemed resolved.

3