IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN,<br><br>        Plaintiff,<br>v.<br><br>DAVID KYLE, et al.,<br><br>        Defendants. | 1:04-CV-6539 AWI SKO PC<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS AT THE GOVERNMENT'S EXPENSE<br><br>[Document #149] |

    Plaintiff Alfred Brown ("Plaintiff") is a state prisoner proceeding pro se. On October 4, 2012, a jury returned with a verdict in favor of Defendants. The Clerk of the Court entered judgement on October 5, 2012. On November 15, 2012, Plaintiff filed a motion for the production of trial transcripts at the government's expense.

    A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991), *overruled on other grounds by* Helling v. McKinney, 502 U.S. 903 (1991) (reviewing for an abuse of discretion and noting that "[p]roduction of the transcript at government expense for an appellant in forma pauperis in a civil case is proper under 28 U.S.C. § 753 if a trial judge certifies that the appeal is not frivolous and presents a substantial question").

    Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government's payment of transcripts for a

1 litigant proceeding in forma pauperis.

2     (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915 (c).   Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).   A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question."  Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984); Grandison v. Stainer, 2012 WL 5288805, at *1 (E.D.Cal. 2012);  Popescu v. City of San Diego,  2012 WL 37166, at *1 (S.D.Cal. 2012);  Tuggles v. City of Antioch,  2010 WL 3955784, at *1 (N.D.Cal. 2010).

    In his motion, Plaintiff states that the appeal is "taken in good faith and the trial transcripts are criticle (*sic.*) to Plaintiff's position on appeal . . ."   Other than to describe his need for the transcripts as critical, Plaintiff offers no specific information.   The court presumes Plaintiff requires transcripts to assist with his appeal.   However, Plaintiff fails to explain the basis for his appeal and how the transcripts will assist Plaintiff on the specific claims to be raised in the appeal.   Plaintiff must identify the issues he intends to raise on appeal and explain why those issues are meritorious.   The court cannot order the government's payment of transcripts merely to allow a plaintiff to search for grounds for relief.  See, e.g., Thompson v. Housewright, 741 F.2d 213, 215 (8th Cir. 1984); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975) (per curiam); Randle v. Franklin, 2012 WL 201757, at *1 (E.D.Cal. 2012).   Plaintiff fails to specify

2

any basis for his appeal or proffer any detailed argument why the transcripts are needed. Under these circumstances, Plaintiff cannot demonstrate his appeal is not frivolous and presents a substantial question. The court has no choice but to deny Plaintiff's motion for the production of trial transcripts.

Accordingly, Plaintiff's motion for trial transcripts at the government's expense is DENIED.

IT IS SO ORDERED.

Dated:   December 14, 2012

UNITED STATES DISTRICT JUDGE